IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWN CORY FREITAG,

        Plaintiff,        Civil No. 05-1652-CO

        v.        FINDINGS AND RECOMMENDATION

THE SUPREME COURT FOR
THE STATE OF OREGON,

        Defendant

COONEY, Magistrate Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections, moves to proceed *in forma pauperis* (#1). Plaintiff's application is incomplete in that it does not include the required certificate from an authorized officer of the institution certifying whether plaintiff has any money on account. Accordingly, the application (#1) should be denied.

Ordinarily, in such circumstances it is appropriate to allow the plaintiff an opportunity to cure this deficiency.

1 - FINDINGS AND RECOMMENDATION

However, in this case, for the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that it is frivolous. See 28 U.S.C. § 1915(d).

## BACKGROUND

Plaintiff filed a document captioned "Non-negotiable Order for entry of Default and Default Judgment" alleging that it constitutes a "Self-executing contract/security agreement in the event of failure to perform duties." Although the "Supreme Court of the State of Oregon" is named as the defendant, plaintiff's allegations, to the extent they are comprehensible, seek relief from the "United States District Court."

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

In determining whether a civil rights complaint is frivolous under § 1915(d), this court is mindful of the requirement to liberally construe the allegations of a *pro se*

2 - FINDINGS AND RECOMMENDATION

plaintiff and to afford the plaintiff the benefit of any doubt. Lopez, 939 F.2d at 883.

**DISCUSSION**

I find that regardless of how liberally plaintiff's complaint is construed, it fails to state a claim. Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e).

A district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rules of Civil Procedure 8(a) and 8(e). McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Plaintiff's complaint does not meet the minimal pleading standards set forth above. Although plaintiff makes reference to the United States Commercial Code, no proper federal jurisdictional basis is alleged. In addition, as noted above, it is unclear what entity plaintiff seeks to hold liable. Sovereign immunity is an issue in any event. The relief plaintiff seeks is not clear. Apparently plaintiff seeks to have a "Petition for Writ of Quo Warranto" filed in a

3 - FINDINGS AND RECOMMENDATION

previous legal proceeding of some sort, granted by default.

Moreover, plaintiff's factual allegations are an inscrutable narration of facts having to do with a previous legal proceeding seeking a "Writ of Quo Warranto." "Refusal for fraud without dishonor" was apparently a central issue in that proceeding. In short, plaintiff's "complaint" is incomprehensible and legally frivolous.

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is DISMISSED. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _7__ day of November, 2005.

                                  _____s/_____
                                  John P. Cooney
                                  United States Magistrate Judge